IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael S.,[1] | ) Civil Action No.: 5:22-cv-4015-BHH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Martin O'Malley, | ) |
| Defendant. | ) |

This action is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Michael S.'s ("Plaintiff") claims for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed written objections to the Report, and the Commissioner filed a reply to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits on March 24, 2020, alleging a disability onset date of May 6, 2019. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"),which was held on October 13, 2021. In a decision dated March 16, 2022, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act, as amended. Plaintiff requested review of the ALJ's decision, and after granting Plaintiff time to submit additional evidence, the Appeals Council denied Plaintiff's request for review on October 27, 2022, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed the instant action seeking judicial review on November 13, 2022.

**STANDARDS OF REVIEW**

**I.      The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The

Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 6, 2019, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe combination of impairments: ischemic heart disease and chronic

obstructive pulmonary disease. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff can perform light work as defined in 20 C.F.R. 404.1567(b), except for the following restrictions: He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, and scaffolds. The claimant must avoid concentrated exposure to extreme cold, extreme heat, humidity, and pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation. He must also avoid concentrated exposure to hazards, such as dangerous machinery and unprotected heights. The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found that Plaintiff has not been under a disability at any time from May 16, 2019, through the date of the decision. (ECF No. 8-2 at 19-28.)

## II.     The Court's Review

In this action, Plaintiff asserts: (1) the ALJ failed to assess the credibility of the lay witness's testimony; and (2) the Appeals Council failed to consider new and material evidence submitted by Plaintiff. (ECF No. 9 at 2.)

In her Report, the Magistrate Judge thoroughly summarized Plaintiff's background and the administrative proceedings and considered each of Plaintiff's arguments in turn. First, the Magistrate Judge evaluated Plaintiff's assertion that the ALJ failed to assess the credibility of Plaintiff's wife's testimony, ultimately noting that the ALJ considered Plaintiff's wife's testimony in her discussion of Plaintiff's RFC and found the testimony inconsistent

with information contained in Plaintiff's self-reported Function Report.  (ECF No. 14 at 14-15.)  The Magistrate Judge ultimately recommended a finding that the ALJ properly considered the testimony of Plaintiff's wife and that any failure to provide further articulation than that contained in the ALJ's decision was harmless error.  (*Id.* at 15.)

Plaintiff does not object to this portion of the Magistrate Judge's Report (*see* ECF No. 15 at 1 n.1), and after review, the Court finds no clear error in the Magistrate Judge's analysis and agrees with the Magistrate Judge that the ALJ *did* properly consider the testimony of Plaintiff's wife.  Furthermore, the Court agrees with the Magistrate Judge that any failure on the part of the ALJ to articulate her consideration of this evidence is harmless under the circumstances.  *See, e.g.*, *Jenkins v. Saul*, No. 4:18-CV-02240-DCN-TER, 2020 WL 3848203, at *12 (D.S.C. Jan. 29, 2020), *report and recommendation adopted*, No. 4:18-CV-2240-DCN-TER, 2020 WL 1612442 (D.S.C. Apr. 1, 2020) (holding that "the ALJ's failure to mention Plaintiff's wife's testimony was harmless error as Plaintiff made similar statements as those made by this individual" noting that "'[w]here a lay witness's testimony merely repeats the allegations of a plaintiff's own testimony and is likewise contradicted by the same objective evidence discrediting the plaintiff's testimony, specific reasons are not necessary for dismissing the lay witness's testimony.'") (quoting *Bazar v. Colvin*, No. 9:14-537-TMC, 2015 WL 1268012, at *12 (D.S.C. Mar. 19, 2015)); *Plowden v. Colvin*, No. 1:12-CV-2588-DCN, 2014 WL 37217, at *18 (D.S.C. Jan. 6, 2014) (same).

In her Report, the Magistrate Judge next considered Plaintiff's assertion that the Appeals Council failed to consider new and material evidence submitted by Plaintiff.  As the Magistrate Judge explained, on April 29, 2022, Plaintiff filed a request for review of the ALJ's March 16, 2022 decision.  (ECF No. 8-4 at 83-84.)  On May 10, 2022, the Appeals

Council notified Plaintiff's counsel that it had granted his "request for more time" before acting on Plaintiff's case.[2]  (ECF No. 8-2 at 9.)

Plaintiff's counsel submitted a letter to the Appeals Council on May 20, 2022, stating that "[n]ew and material evidence rebuts the ALJ's finding that [Plaintiff] is able to perform light work."[3]  (ECF No. 8-6 at 105.)  On October 27, 2022, the Appeals Council filed its Notice of Appeals Council Action.  (ECF No. 8-2 at 2-5.)  The notice states, in pertinent part: "You submitted medical evidence from Mark Reynolds, NP, dated June 21, 2021 to December 21, 2021 (51 pages).  We find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not exhibit this evidence."  (*Id.* at 3.)  The Appeals Council's Exhibit List includes Plaintiff's request for rehearing at Exhibit 15B and Plaintiff's counsel's letter dated May 20, 2022, which describes Nurse Practitioner Reynolds' rebuttal statement ("Reynolds' statement") but does not include the actual statement at Exhibit 21E.  (*Id.* at 6-7.)

---

[2] In its letter to Plaintiff's counsel dated May 10, 2022, the Appeals Council notified counsel that he could send more information regarding Plaintiff's case, stating:

> You may send us a statement about the facts and the law in this case or additional evidence. We consider additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision.  You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision.  You must show good cause for why you missed informing us about or submitting it earlier.

(ECF No. 8-2 at 9.)

[3] The letter further states:

> The ALJ failed to consider the effects of [Plaintiff's] bouts of syncope which have occurred since June 2021.  Nurse Practitioner (NP) Mark Reynolds has treated [Plaintiff] for this problem and has submitted a rebuttal statement in which he gives his opinion that [Plaintiff] cannot perform light work and can lift only 10 pounds. NP Reynolds also finds that [Plaintiff's] syncope would cause absenteeism from work as well as causing him to be off-task for 15% of the workday.  A copy of this rebuttal statement is attached for your review.

(ECF No. 8-6 at 106.)

In this action, Plaintiff asserts that the Appeals Council failed to properly consider the new evidence because it did not mention Reynolds' statement dated April 28, 2021, and did not include it in the file as it did with Reynolds' other treatment notes. Plaintiff further asserts that the Appeals Council did not reject this evidence due to a lack of good cause, and that the Appeals Council failed to make any finding whatsoever regarding Reynolds' statement, such that remand is in order for a proper evaluation of the evidence.

In response, the Commissioner asserts that Plaintiff did not comply with the regulations for submitting Reynolds' statement to the ALJ because, among other things, Plaintiff failed to timely inform the ALJ about the evidence; Plaintiff provided no good cause explanation for failure to submit the evidence; the evidence does not fill an evidentiary gap; and Plaintiff could have submitted the evidence prior to the ALJ's decision. Accordingly, the Commissioner argues that remand is not warranted.

In her Report, the Magistrate Judge thoroughly considered the parties' arguments and outlined the differences between remands under sentences six and four of 42 U.S.C. § 405(g), ultimately finding that this Court is obliged to review this case under sentence six because the Appeals Council did not incorporate Reynolds' statement into the record. The Magistrate Judge next explained that a sentence six remand requires the Court to consider whether the new evidence is material and whether good cause exists for the failure to incorporate it into the record in a prior proceeding. Ultimately, the Magistrate Judge explained that Plaintiff did not provide any good cause explanation for why the evidence was not submitted to the ALJ, and the Magistrate Judge also recommended finding that the statement is not material because the ALJ's decision demonstrates that she considered Plaintiff's syncope in making her RFC assessment, such that the NP's "statement would

8

not reasonably impact the ALJ's finding nor would it have changed the outcome of her decision that Plaintiff was not disabled." (ECF No. 14 at 19.)

In his objections, Plaintiff points out that there is no dispute that the Appeals Council never indicated it received or considered Reynolds' statement. (ECF No. 15 at 2.) Plaintiff next asserts that the Magistrate Judge erred in concluding that the Court is limited to reviewing this case under sentence six of § 405(g), noting other cases where the Court remanded to the Commissioner under sentence four when the Appeals Council received but did not mention additional medical opinions. (*Id.* at 2-3 (citing cases).) According to Plaintiff:

> Since it was not disputed that the evidence was submitted to the Appeals Council but not mentioned or included in the transcript, a review under sentence four was appropriate and the Magistrate Judge erred in finding otherwise. And while the Appeals Council was not required to exhibit the opinion, it was still required to acknowledge and consider the opinion. Therefore, we object to the Magistrate Judge's sentence six evaluation of Mr. Reynolds' opinion.

(*Id.* at 3.)

Next, Plaintiff objects to the Magistrate Judge's finding that Reynolds' statement was not material. Plaintiff asserts: "Here Mr. Reynolds' opinions conflict with the ALJ's RFC determination and with the ALJ's indication of improvement to the level of being able to sustain regular gainful employment. No fact-finder has reconciled the evidence." (*Id.* at 4.) According to Plaintiff, Reynolds' statement conflicts with the ALJ's findings; thus, a reasonable probability exists that the opinion would have changed the outcome of the ALJ's decision. (*Id.* at 5.)

In response to Plaintiff's objections, the Commissioner asserts that the Magistrate Judge correctly determined that the Reynolds' statement does not warrant remand.

Specifically, the Commissioner asserts that regardless of whether the Court evaluates the matter under sentence six or sentence four of § 405(g), "Plaintiff is unable to demonstrate that remand is warranted due to the amended regulation and facts of this case, as he is unable to show good cause for failing to submit the 'rebuttal statement' prior to the administrative hearing."  (ECF No. 17 at 2.)

After *de novo* review, the Court agrees with the Commissioner.  As the Commissioner points out, on January 1, 2017, the regulation governing the Appeals Council's consideration of new evidence was amended as follows:

(a) The Appeals Council will review a case if—

. . .

>  (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.
> 
> (b) **The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because**:
> 
> (1) Our action misled you;
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier.  Examples include, but are not limited to:
> 
> > (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
> > (ii) There was a death or serious illness in your immediate

>   family;
>   (iii) Important records were destroyed or damaged by fire or other accidental cause;
>   (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or
>   (v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.

20 C.F.R. §§ 404.970, 416.1470 (2017) (emphasis added). Thus, this new regulation added two requirements to a claimant's burden when presenting new evidence for the first time at the Appeals Council level: (1) the claimant must demonstrate good cause for the failure to submit the evidence in question at least five days prior to the ALJ's decision pursuant to 20 C.F.R. §§ 404.953 and 416.1453; and (2) the claimant must show a reasonable probability of a different outcome.

Here, the Court agrees with the Commissioner that Plaintiff failed to make the required good cause showing that would support remand for consideration of Reynolds' untimely statement. *See also Howell v. Saul*, No. 2:18-cv-1323-BHH-MGB, 2019 WL 3416613, (July 10, 2019) ("[T]he undersigned need not resolve whether Dr. Mitchell's 2018 Letter or the electrodiagnostic examination results satisfy the requirements under §§ 404.970(a)(5) and 416.1470(a)(5) because Plaintiff has failed to demonstrate good cause for his untimely submission of the additional evidence.").

Furthermore, to the extent Plaintiff asserts that the ALJ did not reject Reynolds' statement due to lack of good cause (as the Appeals Council did not state as much), the Court notes that "many courts within this district frequently 'find it appropriate to consider factors that were not originally addressed by the Appeals Council.'" *Rivera v. Saul*, No. 6:20-cv-3020-KFM, 2021 WL 9599978, *4 (D.S.C. July 6, 2021) (quoting *Lockaby v. Saul*,

11

C/A No. 4:18-cv-02056-DCN-TER, 2020 WL 1149725, at *4 (D.S.C. Mar. 10, 2020) (collecting cases)).  Thus, the Court finds it appropriate to evaluate whether the Plaintiff has shown good cause for the failure to timely submit the evidence, even though the Appeals Council did not explicitly rule on the issue.  As the Commissioner points out in its response to Plaintiff's objections, the Appeals Council only grants review and considers the entire record along with additional post-hearing evidence when *all* the criteria are met under 20 C.F.R. § 404.970(a)(5), and (b).  Here, as noted by the Magistrate Judge, Plaintiff did not provide any good cause explanation to the Appeals Council, and the Court finds that Plaintiff has otherwise failed to demonstrate good cause for why the evidence was not timely submitted to the Appeals Council.  As such, the Court finds that the new evidence submitted by Plaintiff is not a basis for remand *under either sentence four or sentence six.*[4]  *See Smith v. Berryhill*, No. 1:18-cv-00337, 2019 WL 1549036, at *27 (D.S.C. March 6, 2019) ("Although Plaintiff asserts the sentence six remand cases cited by the Commissioner are irrelevant because she is requesting a remand pursuant to sentence four, she fails to acknowledge the similarity of the good cause requirement now imposed under sentence [four] and the amended regulation.") (report and recommendation adopted, 2019 WL 1533171 (D.S.C. Apr. 9, 2019)).

## **CONCLUSION**

For the reasons set forth herein, the Court adopts the Magistrate Judge's recommendations (ECF No. 14); the Court overrules Plaintiff's objections (ECF No. 15);

---

[4] Additionally, as a practical matter and after *de novo* review, the Court also notes that it fully agrees with the Magistrate Judge that Plaintiff has not shown that Reynolds' statement is material.  As the Magistrate Judge explained, the ALJ's decision clearly indicates that she considered Plaintiff's syncope in assessing his RFC, and it does not appear to the Court that Reynolds' statement would "change the outcome of the decision."

and the Court affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 12, 2024
Charleston, South Carolina